John S. Hedland
Hedland, Brennan & Heideman
1227 West 9th Avenue, Suite 300
Anchorage, Alaska 99501
Phone: (907) 279-5528
Fax:  (907) 278-0877
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL SHELDON, as personal representative of the estate of Donna Marie (Hart) Sheldon, deceased,<br><br>                Plaintiff,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  A05–119 CV  [RRB] |

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

1.   Introduction.

The government has moved to dismiss on the theory that the two-year statute of limitations for presentation of an administrative claim under 28 U.S.C. § 2401(b), as a prerequisite to instituting an action under the Federal Tort Claims Act, expired before actual presentation here. The sole support for its motion is an affidavit of Daretia M. Hawkins, an attorney with the Department of Health and Human Services, to the effect that the only administrative claim presented by plaintiff, although dated October 14, 1999, was date stamped as received by the Claims Branch of the Department of Health

and Human Services on October 22, 1999. The decedent, Donna Marie Hart Sheldon, died on October 16, 1997.[1]

As is set out below, the government's briefing and the Hawkins affidavit completely ignore a mountain of information previously provided to the Department at the administrative level demonstrating that the claim was not untimely under 28 U.S.C. §2401(b) - - a showing that the department apparently found persuasive because it did not reject the claim based upon the statute of limitations. Specifically, there is a maze of conflicting regulations as to where and how the administrative claim should be filed, any one of which demonstrates that the presentation of the claim was timely. The claim was tendered by Federal Express to the office set out in one of the regulations, but was rejected by the occupant of the office because the "Claims Branch" had moved to a different office within the same building but the government had not bothered to amend the regulation to reflect it. Additionally, the office to which the claim was tendered was in fact an office of the United States Department of Health and Social Services such that service upon it was effective whether it was the Claims Branch or not. Finally, the regulations require that if a claim is delivered to the wrong place, it is to be transmitted to the proper persons when feasible, which was obviously the case here since the allegedly proper office upon which service should have been made was in the same building as the one where service was tendered, and was an office of the same department.

---

[1] Ms. Hawkins' affidavit states, at paragraph 6, that "the official date of the Plaintiff's administrative claim, for purposes of 28 U.S.C. §2401(b), is the date the claim is received by the Claims Branch." Ms. Hawkins cites no authority for this assertion, and as is discussed below, it is an incorrect statement of law.

Plaintiff's Opposition to Motion to Dismiss - 2 -

2.    Statement of Facts.

The annexed affidavits of John C. Leek, Patrick M. Anderson and John S. Hedland demonstrate directly or by reasonable inference the following facts:

1.    The plaintiff's decedent, Donna Marie Hart Sheldon, died on October 16, 1997, as the result of alleged negligent medical care received at the Alaska Native Medical Center in Anchorage.

2.    On October 14, 1999, Patrick M. Anderson, an attorney in Anchorage, delivered to Federal Express an administrative claim addressed to the Public Health Claims Branch of the Department of Health and Human Services. It was placed in an envelope marked "urgent" for overnight delivery on October 15, 1999. The envelope was addressed to Room 18-20 of the Parklawn Building located at 5600 Fishers Lane, Rockville, Maryland. This is the address at which Mr. Anderson's firm had previously and successfully presented an administrative claim arising out of alleged negligence at ANMC. As is set out below, it is also the address specified for service of administrative claims on the Public Health Service Claims Branch, for, among others, the Indian Health Service and the Department of Health and Human Services. See, 25 C.F.R. 900.201.

3.    Unbeknownst to plaintiff, the Claims Branch had moved out of Room 18-20 and relocated in Room 5C-10 of the Parklawn Building, but the regulation had never been (and still has not been) amended to reflect that change. Room 18-20 is still under the control of the Department of Health and Human Services and is being used by the Health Resources and Services Administration, an arm of the Department of Health and Human Services.

4. Federal Express attempted to deliver the package to Room 18-20 but could not do so because the occupants of that suite would not accept it. Under Federal Express policies, the delivery person would not have taken it upon himself or herself to decide that the address was wrong, and would have tendered delivery of and deliver the package to the persons occupying the suite number - - Room 18-20 - - unless delivery was rejected. Neither Federal Express nor the Department of Health and Human Services notified plaintiff of the non-delivery and the package was returned to Federal Express in Anchorage on October 20.[2]

5. Upon discovering the above, Mr. Anderson once again arranged for shipment of the claim to the Department of Health and Human Services, this time addressing it to the room currently occupied by the Claims Branch, Room 5C-10 of the Parklawn Building. It was accepted by the department at that address.

6. The essential facts set out above were all provided to the department at the administrative level, which did not base its denial of the claim on the statute of limitations. Nevertheless, they are totally ignored in the presentation made by the government on this motion.

---

[2] There would have been ample time for the occupants of Room 18-20 to redirect the package to Room 5C-10, which was then occupied by the Claims Branch, because the deadline for filing the claim was actually October 18, a Monday, as the two-year anniversary of Ms. Sheldon's death occurred on a Saturday. See, United Mine Workers v. Dole, 870 F.2d 662, 665-66 (C.A.D.C. 1989); Hart v. United States, 817 F.2d 78, 80 (9th Circuit 1987); Frey v. Woodard, 748 F.2d 173, 175 (3rd Circuit 1984); Smith v. National Flood Insurance Program, 156 F. Supp. 2nd 520, (E.D. Pa. 2001);Welkins v. Mazurkiewicz, 1989 US Dist. LEXIS 2960 (E.D. Pa. 1989).

    3.    <u>The Claim was validly presented under the statute and regulations</u>.

28 U.S.C. §2401(b) simply requires presentation of the claim "to the appropriate Federal agency." The government relies on 45 C.F.R. §35.2(a) for its argument that the claim was not timely filed. That section applies generally to the Department of Health and Human Services, which states, in pertinent part:

> For purposes of the regulations in this part, a claim shall be deemed to have been presented when the Department of Health and Human Services receives, at a place designated in paragraph (b) of this section, an executed Standard Form 95 or other written notification of an incident accompanied by a claim for money damages….A claim which should have been presented to the Department but was mistakenly addressed to or filed with another Federal agency, shall be deemed to be presented to the Department as of the date the claim is received by the Department. A claim mistakenly addressed to or filed with the Department shall forthwith be transferred to the appropriate Federal agency, if ascertainable, or returned to the claimant.

Thus, subsection 35.2 only requires service on the Department and references the reader to subparagraph (b) (which the government does not quote) as to the place where the "Department" is to be served. However, subparagraph (b) does not set out an address, office or person within the Department where presentation of the claim is to be made. Rather, it deals with amendments and procedures to be followed after the claim has been presented.

45 C.F.R. §35.2(c), which the government also does not quote, states as follows:

> Forms may be obtained and claims may be filed, with the office, local, regional, or headquarters of the constituent organization having jurisdiction over the employee involved in the action or incident, or with the Department of Health and Human Services Claims Officer, Washington, D.C. 20201.

Two other sets of regulations bear on this issue, neither of which are cited by the government. One is promulgated by the Department of Justice and applies to tort claims generally, and the other is specific to certain tort claims, including those involving the Indian Health Service and the Department of Health and Human Services. 28 C.F.R. §14.2(a) provides as follows:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages and a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence or his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

Subsection 14.2(b)(1) states that the claim is to be "presented to the Federal agency whose activity gave rise to the claim." It goes on to state that when a claim is presented to a different Federal agency, "that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer" or, if transfer is unfeasible "the claim shall be returned to the claimant."

28 C.F.R. §14.1 defines "Federal agency" to include "the executive departments, the military departments, independent establishments of the United States, and corporations acting as instrumentalities or agencies of the United States…." Thus, under this regulation, service upon the Department of Health and Human Services - - an 'executive department' - - is sufficient and tendering service of the claim to the

Department at the Parklawn Building, Room 18-20, on October 15, 1999, was sufficient.[3]

Finally, as is discussed above, 25 C.F.R. §900.201, applicable to Indians and Native Americans, and specifically the Indian Health Service and the Department of Health and Human Services, states as follows now, and did so in 1999:

> § 900.201 How should claims arising out of the performance of medical-related functions be filed?
>
> Claims should be filed on Standard Form 95 (Claim for Damages, Injury or Death) or by submitting comparable written information (including a definite amount money damage claim) with the Chief, PHS Claims Branch, Room 18-20, Parklawn Building, 5600 Fishers Lane, Rockville, MD 20857, or at such other address that shall have been provided to the contractor in writing.

This section obviously applies to claims arising out of the provision of medical care at ANMC, and directs that claims be submitted to the precise room in the Parklawn Building in Rockville, Maryland where delivery of the claim at issue was tendered on October 15, 1999.

Under any of these sets of regulations, service was timely made. Service was timely under 45 C.F.R. §35.2, which authorizes service on the "Department" at an office "local, regional, or headquarters, of the constituent organization having jurisdiction over the employee involved" without defining, "constituent organization." Even if it is somehow concluded that service was directed to the wrong "constituent organization" under this regulation, it could have been "forthwith…transferred to the appropriate

---

[3]While 28 C.F.R. §14.11 authorizes individual agencies to issue additional regulations, they must be "consistent with the regulations in this part." Thus, to whatever extent 45 C.F.R. §35.2 requires something more specific (which plaintiff does not believe it does) it must yield to the provisions of 28 C.F.R. §14.2.

Plaintiff's Opposition to Motion to Dismiss                                      - 7 -

Federal agency, if ascertainable" under §35.2(a). As noted above, it was obviously ascertainable from the envelope itself where the claim should have been filed, and there were still three days within which to do so. Since the office was in the same building, transferring it to room 5C-10 was obviously feasible. By the same token, presentation was timely made under 28 C.F.R. §14.2 which merely requires that the claim be received by the "Federal agency" and, in any event, should have been forwarded if that was not the case.

Finally, the most specific provision is that contained in 25 C.F.R. § 900.201 that expressly states that the claim is to be presented to Room 18-20 in the Parklawn Building, as it was here. While the Claims Branch had moved out of Room 18-20 by October of 1999, service was nevertheless tendered in conformance with this regulation to the extent it was humanly possible to comply with it. It is also obvious that the Department believed that the applicable regulation was 25 C.F.R. §900.201, requiring service on the Claims Branch in the Parklawn Building, since plaintiff was ultimately redirected to, and presented the claim to, the new room in the same building that was occupied by the Claims Branch.

For the court's convenience all of the applicable regulations are annexed hereto.

4.    Conclusion.

For the above reasons, defendant's motion to dismiss should be denied.

Dated at Anchorage, Alaska this 16th day of February 2006.

>Hedland, Brennan and Heideman
>Attorneys for Plaintiff
>s/John S. Hedland
>Anchorage, Alaska 99501
>Phone: (907) 279-5528
>Fax: (907) 278-0877
>E-mail: jhedland@hbhc.alaska.net
>ABA No. 6903014

CERTIFICATE OF SERVICE

I certify that on the 16th day of February 2006 a copy of the foregoing was served electronically on
Daniel R. Cooper, Jr., Assistant U.S. Attorney
s/John S. Hedland