45 CFR § 35.2
45 C.F.R. § 35.2

Page 1

C

**CODE OF FEDERAL REGULATIONS
TITLE 45--PUBLIC WELFARE
SUBTITLE A--DEPARTMENT OF HEALTH
AND HUMAN SERVICES
SUBCHAPTER A--GENERAL
ADMINISTRATION
PART 35--TORT CLAIMS AGAINST THE
GOVERNMENT
SUBPART B--PROCEDURES**
Current through February 25, 2003; 68 FR 8726

§ 35.2 Administrative claim; when presented; place of filing.

(a) For purposes of the regulations in this part, a claim shall be deemed to have been presented when the Department of Health and Human Services receives, at a place designated in paragraph (b) of this section, an executed Standard Form 95 or other written notification of an incident accompanied by a claim for money damages in a sum certain for damage to or loss of property, for personal injury, or for death, alleged to have occurred by reason of the incident. A claim which should have been presented to the Department but which was mistakenly addressed to or filed with another Federal agency, shall be deemed to be presented to the Department as of the date that the claim is received by the Department. A claim mistakenly addressed to or filed with the Department shall forthwith be transferred to the appropriate Federal agency, if ascertainable, or returned to the claimant.

(b) A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final action by the Department Claims Officer or prior to the exercise of the claimant's option to bring suit under 28 U.S.C. 2675(a). Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the Department shall have 6 months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of an amendment.

(c) Forms may be obtained and claims may be filed, with the office, local, regional, or headquarters, of the constituent organization having jurisdiction over the employee involved in the accident or incident, or with the Department of Health and Human Services Claims Officer, Washington, D.C. 20201.

[32 FR 14101, Oct. 11, 1967, as amended at 35 FR 4517, Mar. 13, 1970]

<General Materials (GM) - References, Annotations, or Tables>

45 C. F. R. § 35.2

45 CFR § 35.2

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

28 CFR § 14.2  
28 C.F.R. § 14.2

Page 1

C

**CODE OF FEDERAL REGULATIONS**
**TITLE 28--JUDICIAL ADMINISTRATION**
**CHAPTER I--DEPARTMENT OF JUSTICE**
**PART 14--ADMINISTRATIVE CLAIMS**
**UNDER FEDERAL TORT CLAIMS ACT**
Current through February 25, 2003; 68 FR 8726

§ 14.2 Administrative claim; when presented.

(a) For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

(b) (1) A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency.

(2) When more than one Federal agency is or may be involved in the events giving rise to the claim, an agency with which the claim is filed shall contact all other affected agencies in order to designate the single agency which will thereafter investigate and decide the merits of the claim. In the event that an agreed upon designation cannot be made by the affected agencies, the Department of Justice shall be consulted and will thereafter designate an agency to investigate and decide the merits of the claim. Once a determination has been made, the designated agency shall notify the claimant that all future correspondence concerning the claim shall be directed to that Federal agency. All involved Federal agencies may agree either to conduct their own administrative reviews and to coordinate the results or to have the investigations conducted by the designated Federal agency, but, in either event, the designated Federal agency will be responsible for the final determination of the claim.

(3) A claimant presenting a claim arising from an incident to more than one agency should identify each agency to which the claim is submitted at the time each claim is presented. Where a claim arising from an incident is presented to more than one Federal agency without any indication that more than one agency is involved, and any one of the concerned Federal agencies takes final action on that claim, the final action thus taken is conclusive on the claims presented to the other agencies in regard to the time required for filing suit set forth in 28 U.S.C. 2401(b). However, if a second involved Federal agency subsequently desires to take further action with a view towards settling the claim the second Federal agency may treat the matter as a request for reconsideration of the final denial under 28 CFR 14.9(b), unless suit has been filed in the interim, and so advise the claimant.

(4) If, after an agency final denial, the claimant files a claim arising out of the same incident with a different Federal agency, the new submission of the claim will not toll the requirement of 28 U.S.C. 2401(b) that suit must be filed within six months of the final denial by the first agency, unless the second agency specifically and explicitly treats the second submission as a request for reconsideration under 28 CFR 14.9(b) and so advises the claimant.

(c) A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a). Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

28 CFR § 14.2  
28 C.F.R. § 14.2

Page 2

[Order No. 870-79, 45 FR 2650, Jan. 14, 1980, as amended by Order No. 960-81, 46 FR 52355, Oct. 27, 1981; 52 FR 7411, March 11, 1987]

&lt;General Materials (GM) - References, Annotations, or Tables&gt;

28 C. F. R. § 14.2

28 CFR § 14.2

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works