IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL SHELDON, as Personal Representative of the Estate of Marie (Hart) Sheldon, deceased,<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | Case No. 3:05-cv-0119-RRB<br><br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

I. INTRODUCTION

  Before the Court is Defendant United States of America ("Defendant") with a Motion to Dismiss (Docket No. 9). Defendant argues the Court should dismiss this action because Plaintiff Michael Sheldon ("Plaintiff") "failed to file a timely administrative claim with the appropriate agency, a jurisdictional prerequisite to filing a lawsuit against the United States for a tort."[1] More to the point, Defendant argues Plaintiff's "claim was

---

  [1] Clerk's Docket No. 9 at 1.

filed late - six days after the claim was time barred."[2] Plaintiff opposes at Docket No. 14 and argues the claim was tendered in a timely manner, "but was rejected by the occupant of the office because the "Claims Branch" had moved to a different office within the same building . . . ."[3] The Court agrees.[4]

**II. FACTS**

"[P]laintiff's decedent, Donna Marie Hart Sheldon, died on October 16, 1997, as the result of alleged negligent medical care received at the Alaska Native Medical Center in Anchorage."[5]

On October 14, 1999, Plaintiff's attorney "delivered to Federal Express an administrative claim addressed to the Public Claims Branch of the Department of Health and Human Services."[6] More specifically, the claim was addressed to Room 18-20 of the Parklawn Building, located at 5600 Fishers Lane, Rockville, Maryland, "the address specified for service of administrative claims on the Public Health Service Claims Branch, for, among

---

[2] Id. at 5.

[3] Clerk's Docket No. 14.

[4] Having now thoroughly reviewed the matter, Court deems oral argument unnecessary. As a result, the oral argument presently scheduled for Thursday, **March 23, 2006, at 10:30 a.m.**, in Courtroom 2, is hereby **VACATED**.

[5] Clerk's Docket No. 14 at 3.

[6] Id.

others, the Indian Health Service and the Department of Health and Human Services."[7]

On October 15, 1999, "Federal Express attempted to deliver the package to Room 18-20 but could not do so because the occupants of that suite would not accept it."[8] "Neither Federal Express nor the Department of Health and Human Services notified [P]laintiff of the non-delivery and the package was returned to Federal Express in Anchorage on October 20[, 1999]."[9]

Plaintiff's attorney "once again arranged for shipment of the claim to the Department of Health and Human Services, this time addressing it to the room currently occupied by the Claims Branch, Room 5C-10 of the Parklawn Building,"[10] It was accepted. The Court

---

[7] Id. (citing 25 C.F.R. § 900.201). 25 C.F.R. § 900.201 provides in relevant part:

> Claims should be filed in Standard Form 95 (Claim for Damage, Injury or Death) or by submitting comparable written information (including a definite amount of monetary damage claimed) with the Chief, PHS Claims Branch, Room 18-20, Parklawn Building, 5600 Fishers Lake, Rockville, MD 20857 . . . .

[8] Id. at 4.

[9] Id. (footnote omitted).

[10] Id. The Court notes the actual address, i.e., Room 5C-10 of the Parklawn Building, was not reflected in the applicable regulation(s) at the time.

ORDER DENYING MOTION TO DISMISS - 3
3:05-CV-0119-RRB

notes, however, that it was accepted on October 22, 1999, six days after the two years provided by 28 U.S.C. § 2401(b).[11]

**III. DISCUSSION/CONCLUSION**

The relevant facts reveal "service was . . . tendered in conformance with [25 C.F.R. § 900.201] to the extent that is was humanly possible to comply with it."[12] As a result, the Court concludes Plaintiff's claim <u>was</u> timely served on October 15, 1999, within the two years of the accrual of his claim. Defendant's Motion to Dismiss (Docket No. 9), therefore, is hereby **DENIED**.

ENTERED this 14th day of March, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[11] 28 U.S.C. § 2401(b) provides:

A claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

[12] Clerk's Docket No. 14 at 8