LAW OFFICES

# HEDLAND, BRENNAN & HEIDEMAN

A PROFESSIONAL CORPORATION

FROM THE DESK OF:
JOHN S. HEDLAND
ATTORNEY AT LAW
OF COUNSEL
jhedland@hbhc.alaska.net

December 6, 2006

<u>Via Facsimile and U.S. Mail</u>

Daniel R. Cooper, Jr.
Assistant U.S. Attorney
Federal Building, U.S. Court House
222 West 7th #9, Room 253
Anchorage, Alaska 99513-7567

    Re:    <u>Sheldon v. US</u>

Dear Dan:

Your May 19, 2006 letter accompanying the United States' disclosures reflects that peer review correspondence and findings (CLM 66-81) are being withheld as privileged under A.S. 18.23.030 <u>et. seq.</u> The purpose of this letter is to request that these documents be provided. Any alleged privilege to withhold the documents under the cited statute does not apply in the federal court, particularly in an action brought under the Federal Tort Claims Act, and there is no federal privilege for peer review documents. At your request, I am setting out some authority for our position, but I do not intend this letter to be a comprehensive brief on the subject.

The starting point is <u>University of Pennsylvania v. Equal Employment Opportunity Commission</u>, 493 U.S. 182 (1990) in which the Supreme Court unanimously declined to recognize a peer review materials privilege in a case alleging illegal discrimination against a Chinese American female professor under Title VII of the Civil Rights Act of 1964. Several lower courts have found this decision instructive in declining to recognize a privilege with respect to medical peer review materials. See, <u>e.g.</u>, <u>Virmani v. Novant Health Incorporated</u>, 259 F.3d 284, 287 (4th Cir. 2001); <u>Patt v. Family Health Systems, Inc.</u>, 189 F.R.D. 518, 524-25 (E.D. Wis. 1999); <u>Robertson v. The Neuromedical Center</u>, 169 F.R.D. 80 (N.D. La. 1996); <u>Pagano v. Oroville Hospital</u>, 145 F.R.D. 683, 692 (E.D. Ca. 1993).

<u>Syposs v. United States</u>, 63 F. Supp.2d 301 (W.D.N.Y. 1999) appears to be directly in point. In <u>Syposs</u>, a federal tort claim action alleging malpractice, the court found that peer review materials were not privileged, either under a New York statute that allegedly created a "peer review" privilege, or as a matter of federal law. 63 F.2d at 303. As with the cases cited above, the court relied upon <u>University of Pennsylvania v. EEOC</u>. It also noted that the Federal Health Care Quality Improvement Act of 1986, 42 USC §§ 10101 <u>et. seq.</u>,

EXHIBIT B
PAGE 1 OF 3

1227 WEST NINTH AVENUE   •   SUITE 300   •   ANCHORAGE, ALASKA 99501-3218

Dan Cooper, Jr.
Assistant U. S. Attorney
December 5, 2006
Page 2 of 3

while creating immunity for officials conducting medical peer reviews, did not create a privilege with respect to peer review information. 63 F. Supp.2d at 303-04. Syposs has been followed by several other U. S. District Court decisions. See Henderson v. Medical Center Enterprise, 2006 U. S. Dist. LEXIS 57898 (M. D. Ala. 2006); Sabatier v. Barnes, 2001 U. S. Dist. LEXIS 2240 (E. D. La. 2001); Dole v. Smith, 2000 U. S. Dist. LEXIS 22322 (E. D. N. Y. 2000).

In Syposs, the court alluded to, but did not follow, the decision in Weekoty v. United States, 30 F. Supp. 2d 1343 (D. C. N. M. 1998) which recognized the peer review privilege in a federal tort claim action. 63 F.2d at 308. As noted above, several courts that have followed Syposs, but Weekoty has not been well received. See, e. g., Nilavar v. Mercy Health System, 210 F.R.D. 597 (S. D. Oh. 2002) citing Weekoty but noting that "the great weight of the federal cases...counsel that [peer review] privilege does not exist in the federal common law, and should not be recognized in a case such as this". 210 F.R.D. at 607. The court stated as follows:

> In sum, the Court finds that the federal common law has never adopted a physician peer review privilege, and that the great weight of authority, as well as 'reason and experience', militate against doing so in this instance. ....In sum, the great weight of federal authority does not support Defendants' theory that a physician peer review privilege either has been or should be recognized as a matter of federal common law.

210 F.R.D. at 609. See also Marshall v. Spectrum Medical Group, 198 F.R.D. 1 (D.C. Me. 2000) citing Weekoty but not following it in the context of that case's facts.

Most significantly, the Ninth Circuit itself has rejected the Weekoty decision. In Agster v. Maricopa County, 422 F.3d 836 (9th Cir. 2005) the court considered the question of whether a "mortality review" by a company whose employees provided health care in a jail where a prisoner died was privileged, and held that it was not. It expressly held that it was not bound by the Arizona statute establishing a privilege for peer review materials. 422 F.3d at 839. It also noted that the parties opposing production of the peer review material relied upon the rationale of Weekoty, and stated as follows:

> We are constrained by two considerations, one general and the other particular to this case. We must be 'especially reluctant to recognize a privilege in an area where it appears that Congress has considered the relevant competing concerns but has not provided a privilege itself.' Univ. of Pennsylvania v.EEOC, 493 U. S. 182, 189, 107 L. Ed. 2d 571, 110, S. Ct. 577 (1990). The HCQIA of 1986 granted immunity to participants in medical peer reviews, but did not privilege the

EXHIBIT B
PAGE 2 OF 3

Dan Cooper, Jr.
Assistant U. S. Attorney
December 5, 2006
Page 3 of 3

report resulting from the process. See 42 U. S. C. §§ 11101-11152. Congress amended the Act in 1987 to state that "nothing in this subchapter shall be construed as changing the liabilities or immunities under law or preempting or overriding any State law". Pub. L. No. 100-177, § 402(c). As Congress has twice had occasion and opportunity to consider the privilege and has not granted it either explicitly or by implication, there exists a general objection to our doing so.

422 F.3d at 839.[1] Other cases supporting plaintiff's position in this case are Leon v. County of San Diego, 202 F.R.D. 631 (S. D. Ca. 2001), a medical malpractice case; Burrows v. Red Bud Community Hospital District, 187 F.R.D. 606 (N. D. Ca. 1998); Price v. Howard County General Hospital, 950 F. Supp. 141 (D.C. Md. 1996); Atteberry v. Longmont United Hospital, 221 F.R.D. 644 (D.C. Co. 2004). Brannan v. Northwest Permanente, 2006 U.S. Dist. LEXIS 69933 (W.D. Wa. 2006) is contrary but not persuasive. The court applied an Oregon peer review privilege to a malpractice claim, but the parties appear to have conceded its applicability, and argued only about its scope (pp. 4-5) notwithstanding the Ninth Circuit's explicit holding in Agster that "we are not bound by [State peer review privilege] law…." 422 F.3d at 839.

I am aware of an argument that the privilege should apply in a medical malpractice case, even if it does not apply in a claim by a practitioner alleging discrimination or improper conduct by a peer review committee, since the malpractice claim can be proven without the materials while the other kind of claim arguably could not be. See Memorial Hospital v. Shadur, 664 F.2d 1058, 1062-63 (7th Cir 1981) citing Bredice v. Doctors Hospital, Inc., 50 F.R.D. 249 (D.C. D.C. 1970).These cases have little or no relevance since they were decided before enactment of the federal statutory scheme that did not include a peer review privilege, and since it was decided before University of Pennsylvania, v. EEOC. Additionally, it is directly contrary to the Ninth Circuit's decision in Agster, which refused to recognize the privilege in a case where the asserted tort was not committed in the process of peer review.

Sincerely,

John S. Hedland

Enclosures
JSH;rs
3180\043 Cooper Ltr

EXHIBIT B
PAGE 3 OF 3

---

[1] The consideration "peculiar to this case" had to do with the fact that the death occurred in a prison.