**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

RECEIVED
FEB 0 2 2007
HEDLAND, BRENNAN & HEIDEMAN

*Federal Building & U.S. Courthouse*
*222 West 7th Avenue, #9, Room 253*
*Anchorage, Alaska 99513-7567*

Commercial: (907) 271-5071
Fax Number: (907) 271-2344

February 1, 2007

John S. Hedland
Hedland, Brennan and Heideman
1227 West 9th Avenue, Suite 300
Anchorage, Alaska 99501

Re:  Civil Rule 26(a)(1) Initial Disclosures and your letter of December 6, 2006
*Sheldon v. United States*
Case No. 3:06-cv-0119-RRB

Dear John:

The United States previously submitted copies of its discoverable documents and records in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure.[1] Certain documents which we believed to be privileged documents, whether because they were communications between an attorney and the client or because they were the work product of the attorney or his or her staff or persons working on the case at the request of the attorney, were withheld from the production. Our transmittal letter stated the following:

> Privileged Documents: Defendant claims privilege and protection from discovery under the attorney-client privilege, work product protection, and/or quality assurance review for any reports, memoranda, notes, research, and work product of the United States Attorney's Office, the Department of Health & Human Services (DCLM) and Indian Health Service (IHS), and/or the DCLM Claims Branch regarding Plaintiff's administrative tort claim and lawsuit, including any communications between the DCLM Claims Branch or counsel for the United States and any representatives or personnel of the Alaska Native Medical Center regarding the investigation or evaluation of Plaintiff's administrative tort claim and lawsuit including:
>
> CLM 1- 12        Litigation Report (Attorney-client privilege, work product)
>
> CLM 21 - 45      Paralegal Working notes and analysis (Work product)

---

[1] The initial records were numbered and stamped CLM 1 - 676.

EXHIBIT _C_
PAGE _1_ OF _2_

John S. Hedland  Page 2
February 1, 2007

| | | |
|---|---|---|
| | CLM 61 - 64 | Paralegal working notes and memorandum (Work product) |
| | CLM 66 - 81 | Peer review correspondence and findings AS 18.23.030, *et. seq.* |
| | CLM 87 - 94 | Attorney-client privilege (correspondence re: claim) |
| | CLM 106 - 107 | Attorney-client privilege (correspondence re: synopsis of care by facility regarding claim) |

By letter dated December 6, 2006, you take exception to the withholding of the documents identified as CLM 66 - 81 because, you assert, the statute cited is not controlling in federal courts.

I reviewed the documents in question once again to determine the propriety of withholding the documents. In doing so, I discovered that I had made a classification error. These documents are privileged documents because they were prepared by healthcare providers at the request of the Claims Branch, under the supervision of a lawyer, to assist the claims branch in determining the validity of your client's claim. The claim in this case was filed on October 22, 1999. The documents, CLM 66 - 81, were prepared on or about April 26, 2000, and are addressed to the Chief of the Claims Branch. The documents you seek are work product of the DCLM Claims Branch. Thus, the documents are either privileged communications between a lawyer and the client, or work product of the lawyer and persons acting at his or her direction for the purpose of litigation.

We therefore decline your request for the documents.

NELSON P. COHEN
United States Attorney

Daniel R. Cooper, Jr.
Assistant U.S. Attorney

EXHIBIT C
PAGE 2 OF 2