IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL SHELDON, as Personal Representative of the Estate of Donna Marie (Hart) Sheldon, deceased,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 3:05-cv-0119-RRB<br><br>**ORDER GRANTING MOTION AT DOCKET 26** |

　　　　Before the Court at Docket 26 is Plaintiff Michael Sheldon ("Plaintiff") with a Motion for In Camera Inspection of Documents CLM 66-71 and CLM 73-81 (hereinafter referred to as the "IHS documents").[1] Defendant United States of America ("Defendant") opposes at Docket 32 and argues: (1) the IHS documents are protected from discovery by the work-product rule, i.e., Fed. R. Civ. P. 26(b)(3); and (2) the documents numbered SCF

---

　　[1] Per a Stipulation Amending Motion for In Camera Inspection of Documents, filed at Docket 30, the Motion at Docket 26 shall also be treated as a motion to require the production of additional documents numbered SCF 000098-127.  See Docket 30 at 2.

ORDER GRANTING MOTION TO REQUIRE PRODUCTION - 1
3:05-CV-0119-RRB

000098-127 (the Mortality and Morbidity Conference minutes) are protected by the critical self-analysis privilege and/or the peer review privilege and should not be disclosed.  Because the Court disagrees, Plaintiff's motion at **Docket 26** is hereby **GRANTED**.[2]

Indeed, inasmuch as the Ninth Circuit recognizes neither the self-critical analysis privilege, see Union Pacific R. Co. v. Mower, 219 F.3d 1069, 1076 n.7 (9th Cir. 2000)("UP's assertion of a self-critical analysis privilege is particularly questionable. This Court has not recognized this novel privilege."), nor the peer review privilege, see Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir. 2005)("No case in this circuit has recognized the [peer review] privilege . . . and . . . we are unwilling to create the privilege in this case."), Defendant shall provide documents numbered SCF 000098-127 (the Mortality and Morbidity Conference minutes) to Plaintiff immediately.

Moreover, inasmuch as the parties disagree as to whether the IHS documents are protected from discovery by the work-product

---

[2]   Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).  As a result, Defendant's Request for Oral Argument on Motion for In Camera Inspection of Documents at **Docket 35** is hereby **DENIED** and the hearing **vacated.**

rule, Defendant shall provide the Court with the same ". . . for review, and the Court will provide them to Plaintiff if it determines that they are not privileged."[3]

      ENTERED this 19th day of March, 2007.

                                   s/RALPH R. BEISTLINE
                                   UNITED STATES DISTRICT JUDGE

---

[3] Docket 26, Attach. 4.