NELSON P. COHEN
United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-2344 - Fax
daniel.cooper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL SHELDON, as personal representative of the Estate of Donna Marie (Hart) Sheldon, deceased,<br><br>             Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | Case 3:05-cv-00119-RRB<br><br>MOTION FOR RECONSIDERATION OF ORDER REQUIRING DELIVERY OF DOCUMENTS<br>[Docket 39]<br>(Rule 59.1, D.Ak.L.R.) |

   The United States moves pursuant to Rule 59.1, D.Ak.L.R. for reconsideration of the

Minute Order From Chambers Requiring Delivery of Documents [Docket 39].  The defendant

believes the court has overlooked or misconstrued material facts and law presented in the briefs

and supporting papers, specifically that (1) the dates the documents were generated was provided

to the court in the documents filed in support of the pleadings;  (2) the court has applied an

1

improper burden of proof for the production of protected documents under Rule 26(b)(3); (3) that protection from discovery under Rule 26(b)(3) does not require the involvement of an attorney in the preparation of materials in anticipation of litigation; and (4) the evidence in the record establishes that the documents were generated at the request of the Office of General Counsel in response to an administrative claim.

First, the dates the documents were generated is indicated in the documents. At CLM 66, Dr. Autry writes to the Chief of PHS Claims Branch conveying the reports of Dr. David and Nurse Laine. The letter is dated April 26, 2000, and was received in the Claims Branch (according to the date stamp) on April 27, 2000. Dr. David signed his report on March 27, 2000 (CLM 71). Nurse Laine did not date his signed report, however. The administrative claim in this case was filed October 15, 1999,[1] several months before the Claims Branch requested these reports be prepared. The PHS letters and subsequent reports of Dr. David and Nurse Laine were thus prepared in response to the administrative claim. The United States respectfully submits that the date the documents were generated has been factually established in the record.

Second, the court has misapplied the burden of proof with respect to Mr. Sheldon's request. Rule 26(b)(3), Fed.R.Civ.P. provides, in relevant part:

> **(3) Trial Preparation: Materials.** Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and ***prepared in anticipation of litigation*** or for trial ***by or for another party or by or for that other party's***

---

[1] The date the claim was <u>properly</u> filed is disputed. However, the court has previously reviewed this date and determined in its Order at Docket 20 that the October 15, 1999 date was the date the United States received the claim.

Sheldon, et.al. v. U S
3:05-cv-00119-RRB                                       2

> *representative* (including the other party's attorney, *consultant*, surety, indemnitor, insurer, or agent) *only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.* In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

(emphasis added). The burden is on Mr. Sheldon to show that he has substantial need of these materials, *and* that he can not obtain the substantial equivalent of the materials by other means. Mr. Sheldon has made no showing of either element. The court appears to have shifted the burden to the United States in its order, although the order is unclear on that point as there are no specific findings concerning what would be the substantial equivalent of these documents or whether Mr. Sheldon has established that it would work an undue hardship on him to obtain such an equivalent. Absent a specific finding by the court that Mr. Sheldon can not obtain an expert's opinion (which is the substantial equivalent of these reports) without undue hardship, Mr. Sheldon has not met the burden established by the Rule, and the court should not order the delivery of these documents.[2]

It is important to note that these reports are consulting expert's reports and are also privileged under Rule 26(b)(4)(B). These two experts will not be called at trial, and their reports have not been provided to anyone else. Therefore, under Rule 26(b)(4)(B), Mr. Sheldon would

---

[2] The court's finding that ". . . the documents do not appear prejudicial to the Government" is not relevant to any issue before the court. Prejudice to the party is not a standard for reviewing whether a document or thing is entitled to the qualified immunity of the work-product rule. See fn. 3., *infra*.

have to make a "showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means..." in order to obtain these reports. Since Mr. Sheldon has not made a showing under the lesser standard of Rule 26(b)(3), he has failed to meet the higher standard of Rule 26(b)(4)(B) as well.

Third, the court has erred in its conclusion that an attorney must be involved in the preparation of the materials before a party may invoke the protection of Rule 26(b)(3). The language of the rule provides otherwise. The rule protects materials prepared ". . . by or for another party **OR** by or for that other party's representative (including the other party's attorney . . . or . . . consultant)." The rule is disjunctive, and allows the protection for materials produced not only by counsel, but by the party and the party's consultant.[3] Here, the reports were generated by a consulting expert after the claim was presented. Litigation was not only anticipated, the first step towards litigation occurred with the act of filing the claim. There can be no FTCA litigation without the administrative claim being filed, and these reports were prepared in response to the claim and in anticipation of the eventual lawsuit.

Fourth, the affidavit of Attorney Bergeron, Exhibit A, demonstrates that the documents

---

[3] Admiral Insurance Co. V. U.S. District Court, 881 F.2d 1486 (9th Cir. 1988). " The work-product rule is not a privilege but a qualified immunity protecting from discovery documents and tangible things *prepared by a party or his representative* in anticipation of litigation. . . . The conditional protections provided by the work-product rule prevent exploitation of a party's efforts in preparing for litigation. . . . The effort of a party or his representative in generating information needed for trial generally does not create information that will not be available to others willing to invest similar effort in discovery." 881 F.2d at 1494, (emphasis added, citations omitted). Wright, Miller & Marcus, Federal Practice and Procedure; Civil 2d § 2024, and cases collected therein at n. 31.

were generated with the participation of an attorney. The paralegals assigned to each claim work under the direction of attorneys (paragraph 4.). The paralegals are the ones who request the medical review when expert opinion is essential to the assessment of the claim (paragraph 5.). Mr. Bergeron's affidavit is uncontroverted. Without contradiction, the affidavit establishes as a matter of fact that an attorney for the government was involved in the generation of these two reports.

     The United States respectfully requests that the court reconsider its order at Docket 39, and enter appropriate findings that the documents were prepared by the United States in anticipation of litigation, and that Mr. Sheldon has not met his burden of proving that he cannot acquire substantially similar materials without undue hardship.

     RESPECTFULLY SUBMITTED on April 5, 2007.

     NELSON P. COHEN
United States Attorney

s/ Daniel R. Cooper, Jr.
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3376
Fax: (907) 271-2344
E-mail: Daniel.Cooper@usdoj.gov
AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2007,
a copy of the foregoing MOTION FOR
RECONSIDERATION OF ORDER
REQUIRING DELIVERY OF DOCUMENTS
[Docket 39] (Rule 59.1, D.Ak.L.R.) was served
electronically on John S. Hedland.

s/ Daniel R. Cooper, Jr.