IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL SHELDON, as personal representative of the estate of Donna Marie (Hart) Sheldon, deceased, </br></br>    Plaintiff,</br>  vs.</br></br>UNITED STATES OF AMERICA,</br></br>    Defendant. | )</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

Case No.  A05–119 CV  [RRB]

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER REQUIRING DELIVERY OF DOCUMENTS

The government's motion for reconsideration is predicated upon four assertions,

> specifically that (1) the dates the documents were generated was provided to the court in the documents filed in support of the pleadings; (2) the court has applied an improper burden of proof for the production of protected documents under Rule 26(b)(3); (3) that production from discovery under Rule 26(b)(3) does not require the involvement of an attorney in the preparation of materials in anticipation of litigation; and (4) the evidence in the records establishes that the documents were generated at the request of the Office of General Counsel in response to an administrative claim.

Motion for Reconsideration, pp. 1. Plaintiff will deal with these assertions sequentially.

(1)   <u>Date the documents were generated</u>.  The date the documents were generated (April 2000) may well be reflected on the documents themselves, but this is irrelevant to the motion for reconsideration since that date is several weeks **before** June 5, 2000, when a paralegal in the Claims Branch stated that it "has been discharged its responsibilities" and that the claim "has been forwarded to the Office of the General

Counsel (OGC), Department of Health and Human Services for determination". See, Reply Memorandum in Support of Motion for *In Camera* Inspection, p. 8. This fact would also appear to rebut assertion number 4, "that the documents were generated at the request of the Office of the General Counsel…."

As the court noted in its Order, there is apparently nothing on the face of the documents to reflect the involvement of any attorney prior to the preparation of the documents, and if there was such attorney involvement, the government has yet to provide the attorney's name. As plaintiff pointed out previously, the Claims Branch is physically and structurally separate from the Office of General Counsel.

(2)    Burden of proof. The government relies most heavily upon the argument that under Rule 26(b)(3) of the Federal Rules of Civil Procedure, the burden of proof is upon plaintiff to demonstrate substantial need and undue hardship in order to obtain the documents. The government relies upon language in Rule 26(b)(3) stating that such a showing is necessary to obtain documents "prepared in anticipation of litigation or for trial by or for the other party or by of for that other party's representative…." The government's argument totally misses the mark. Plaintiff will agree that this language places the burden upon the party seeking production of documents within the work product privilege, once it has been established that the documents are in fact attorney work product. However, the question in this case is not whether the government is required to produce work product to plaintiff, but rather whether the documents in question are attorney work product, and on this issue the burden is clearly upon the party asserting attorney work product privilege, not upon the party seeking discovery.

Opposition to Motion for Reconsideration                                                                      - 2 -

In Langdon v. Champion, 752 P.2d 999 (Alaska 1988) the court referenced a majority rule to the effect that "litigation is not 'anticipated' until the expectation of litigation is such that an attorney has become involved in the dispute and has prepared the documents himself or has requested their preparation." 752 P.2d at 1005 citing *McDougall v. Dunn*, 468 F.2d 468, 474-75 (4th Cir. 1972); *State Farm & Casualty v. Perrigan*, 102 F.R.D. 235, 237-38 (W.D. Va.1984); *American Banker's Insurance v. Colorado Flying Academy*, 97 F.R.D. 515, 517-18 (D.Colo.1938); *Miles v. Bell Helicopter*, 385 F.Supp 1028, 1032-33 (N.D.Ga.1974); *Thomas Organ Co. v. Jadranska Slobodna Plovidba,* 54 F.R.D. 367, 372 (N.D. Ill. 1972); *Hawkins v. District Court*, 638 P.2d 1372, 1378-79 (Colo.1982); *Conley v. Graybeal*, 315 A.2d 609, 610 (Del.Super.1974); *Henry Enterprises v. Smith*, 225 Kan. 615, 592 P.2d 915, 920 (1979). *See generally* Woodward, *Insurance Companies and Work Product Immunity Under Indiana Trial Rule 26(b)(3); Indiana Adopts a Fact-Sensitive Approach,* 19 Ind. L.Rev. 139, 141-42 (1986). Thus, Rule 26(b)(3), once it becomes applicable, applies to documents prepared by or for client representatives other then an attorney, but the Rule does not even come into play until there is attorney involvement, since, prior to such involvement, the documents cannot be deemed to have been prepared in anticipation for litigation.

> Champion goes on to hold that
>
> > Materials contained in an insurer's files shall be conclusively presumed to have been compiled in the ordinary course of business, absent a showing that they were prepared at the request or under the supervision of the insured's attorney. Prior to such involvement, materials held by insurers are subject to discovery without regard to any work product restrictions.

Opposition to Motion for Reconsideration                                                                 - 3 -

752 P.2d at 1007. This clearly places the burden of proof on the government to show that they were in fact prepared in anticipation of litigation, i.e. after an attorney was involved, which as the court's own order shows, it has not done, since the documents apparently do not reflect attorney involvement. Accordingly, the government has not met it burden of proof and the court's order was properly entered.

(3)     <u>Necessity of attorney involvement</u>.  The government's argument that attorney involvement is not necessary for the work product privilege to come into play is wrong for the reasons set out above. Plaintiff agrees that once an attorney has become involved, such that the rule comes into play, the precise documents that are protected may not have been prepared by or for an attorney as opposed to some other representative, but that is not the issue presented here. The question is whether the documents were prepared prior to involvement of an attorney, as to which the government has not met its burden of proof.

(4)     <u>Preparation of the documents at the request of the Office of General Counsel</u>.  As plaintiff pointed out previously, and as the defendant has not disputed, the documents were generated by a paralegal whose involvement with or supervision by an attorney has not been the subject of any significant elucidation, and forward to the Office of General Counsel <u>after</u> the preparation of the documents in question. Accordingly, this assertion is unavailing.

For the above reasons, the government's motion for reconsideration should be denied.

Respectfully submitted at Anchorage, Alaska this 17th day of April 2007.

> Hedland, Brennan and Heideman
> Attorneys for Plaintiff
> /s/ John S. Hedland
> Anchorage, Alaska 99501
> Phone: (907) 279-5528
> Fax: (907) 278-0877
> E-mail: jhedland@hbhc.alaska.net
> ABA No. 6903014

CERTIFICATE OF SERVICE

I certify that on the 17th day of April 2007 a copy of the foregoing was served electronically on:
Daniel R. Cooper, Jr., Assistant U.S. Attorney
s/John S. Hedland

Opposition to Motion for Reconsideration — - 5 -